**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| v. | **No. 19-cr-370 (RDM)** |
| **ERIC HERNANDEZ,** | |
| **Defendant.** | |

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Terminate Supervision. *See* ECF No. 65. For the reasons stated below, the court recommends GRANTING the motion.

**I.    FACTUAL BACKGROUND**

On March 3, 2021, Mr. Hernandez pled guilty to Unlawful Possession of a Firearm and Ammunition by a Person Previously Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1). *See* Sentencing Memorandum 4, ECF No. 38. This conviction resulted in a sentence of seven months of incarceration, twenty-four months of supervised release, and $100 special assessment. *See* Judgment 2–3, 6, ECF No. 41. His special conditions of release included educational services programming, vocational services programming, substance abuse treatment and testing, and reentry progress hearing. *See id.* at 4.

On August 5, 2021, the Probation Office filed a petition, alleging that Mr. Hernandez had not submitted a DNA sample or paid his special assessment, failed to comply with random urinalysis, and failed to follow instructions given by the probation office. *See* U.S. Probation Office Pet., Reentry Progress Report 1–2, ECF No. 43. On August 10, 2021, Judge Moss issued a summons for a Reentry Progress Hearing. *See id.* On August 30, 2021, Judge Moss held the

Reentry Progress Hearing. Judge Moss reminded Mr. Hernandez about the importance of complying with the conditions of supervision.

On November 23, 2021, the Probation Office filed a petition with three new alleged violations. *See* U.S. Probation Office Pet., Statement of Alleged Violations of Supervised Release/Pet. for Warrant 1–2, ECF No. 48. First, Mr. Hernandez submitted a urine specimen which tested positive for narcotics. *See id.* at 1. Second, Mr. Hernandez failed to attend weekly substance abuse meetings and left a treatment facility without authorization. *See id.* at 2. Mr. Hernandez told his probation officer that he left due to symptoms related to narcotics withdrawal. *See id.* at 4. Third, Mr. Hernandez failed to report to the Probation Office and was homeless with his whereabouts unknown. *See id.* at 2, 4. On November 30, 2021, Judge Moss issued an arrest warrant based on these violations.

On March 17, 2022, Mr. Hernandez conceded to the three violations in the petition. *See* Minute Entry (Mar. 17, 2022). On March 22, 2022, Judge Moss ordered Mr. Hernandez's release from detention subject to a bed-to-bed transfer to a treatment center. *See* Order, ECF No. 50.

On May 3, 2023, the Probation Office filed a petition alleging that Mr. Hernandez violated the conditions of his supervised release by failing to report for substance use testing, failing to refrain from the unlawful use of controlled substances, failing to participate in a substance abuse treatment program, failing to report to his probation officer, failing to obtain full-time employment, and failing to enroll in educational and vocational services programs. *See* U.S. Probation Office Pet., Statement of Alleged Violation of Supervised Release/Pet. for Summons 2–3, ECF No. 54. At the time, Mr. Hernandez was residing with his mother in a stable residence and remained unemployed. *See id.* at 4. On May 5, 2023, Judge Moss issued a summons and scheduled a hearing on violation. *See* Order, ECF No. 55.

On July 18, 2023, Judge Moss found that the defendant had violated the conditions of supervision and imposed a sanction of 90 days of location monitoring. *See* Minute Entry (Jul. 18, 2023).

On November 20, 2023, the Probation Office filed a petition alleging that Mr. Hernandez again violated the conditions of his supervised release by failing to report for substance use testing, failing to participate in a substance abuse treatment program, failing to report to his probation officer, failing to obtain full-time employment, and failing to enroll in educational and vocational services programs. *See* U.S. Probation Office Pet., Statement of Alleged Violations of Supervised Release/Petition for Summons 2–3, ECF No. 59. At the time, Mr. Hernandez was still residing with his mother in a stable residence and remained unemployed. *See id.* at 4. On November 21, 2023, Judge Moss issued a summons in reference to this petition. *See* Order, ECF No. 60.

On November 27, 2023, Maryland law enforcement arrested Mr. Hernandez. *See* U.S. Probation Office Pet., Statement of Additional Alleged Violations of Supervised Release/Pet. for Summons 4, ECF No. 61. A search incident to arrest revealed that Mr. Hernandez was in possession of oxycodone and cocaine. *See id.* The Maryland court released Mr. Hernandez on his own recognizance. *See id.* The court scheduled trial for January 18, 2024. *See id.* On December 11, 2023, the Probation Office filed a petition noting this new arrest. *See id.* at 1–2. On January 31, 2024, Mr. Hernandez failed to appear for his hearing, and the hearing was rescheduled for February 23, 2024. *See* Minute Order (Feb. 1, 2024). On February 23, 2024, Mr. Hernandez again failed to appear for his hearing. *See* Minute Entry (Feb. 23, 2024). Judge Moss issued an arrest warrant. *See id.*

On July 9, 2026, Mr. Hernandez was travelling in an Uber which law enforcement stopped for a traffic violation. *See* ECF No. 65 at 2. Law enforcement arrested Mr. Hernandez during the

stop based on the outstanding warrant. *See id*. On July 9, 2026, Mr. Hernandez appeared before the undersigned for a return on arrest warrant and detention hearing. *See* Minute Order (Jul. 9, 2026). The Probation Office did not seek his detention, and the Court ordered his release. *See id.*

On July 13, 2026, Mr. Hernandez filed a motion to terminate supervision. *See* Mem. in Support of Request for Termination of Supervision, ECF No. 65. On July 14, 2026, the Court held a hearing on the motion. The Probation Office consented to the request, and the government deferred to the Probation Office. *See id.* at 1.

## II.    DISCUSSION

### A.    Mr. Hernandez's Progress

The Court's main question was: where has Mr. Hernandez been for the past two years? His answer was impressive.

On April 15, 2024, Mr. Hernandez entered treatment at the Priceless Hearts Behavioral Health Center substance abuse program in Baltimore, Maryland. *See* ECF No. 65 at 1–2. Mr. Hernandez chose the program in part to get away from negative social influences in the D.C. area. *See id.* at 1. Mr. Hernandez remained in the program for one year. *See id.* at 2. The program provided him with housing during this time. *See id.* Ultimately, Mr. Hernandez "resolved the pending [Maryland] matter by Zoom, and he was not convicted of any new offense." *Id*.[1]

In June 2025, Mr. Hernandez obtained an apartment in Baltimore. He lives there with his wife and their nine-year-old daughter. *See id*. Mr. Hernandez also obtained a job at Petco. Because he was unable to get full-time shifts there, he continued to look for other employment. *See id.* In

---

[1] Mr. Hernandez stated that he subsequently went to the D.C. Court Services and Offender Supervision Agency (CSOSA) to check the status on his supervision. CSOSA had no record of his supervision. Mr. Hernandez mistakenly understood this to mean that his supervision was complete.

July 2026, he obtained a full-time position with a landscaping company. *See id.* He currently works both jobs to support himself and his family. *See id*.

At bottom, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than punish them." U.S. Sent'g Comm'n, *Federal Offenders Sentenced to Supervised Release* (2010) ("Supervised Release Report") 9. Indeed, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). Thus, when a "defendant violates a condition of supervised release, courts must consider the *forward-looking* sentencing ends, but may not consider the *backward-looking* purpose of retribution." *Esteras v. United States*, 606 U.S. 185, 186 (2025) (holding that a district court may not revoke supervised release based on a belief that the defendant's original sentence was lenient).

B.      Resolving the Current Petition

Because the underlying Maryland case was resolved, the Probation Office only sought to move forward with the two technical violations. Both were Grade C violations. Mr. Hernandez admitted both violations and asked for the termination of his supervision.

Mr. Hernandez's supervision has reached the end of its useful lifespan. His supervision was set to expire on September 21, 2024. Since the filing of the petition, Mr. Hernandez has gotten his life together. There are no further resources the Probation Office needs to offer Mr. Hernandez. He has stable housing, is fully employed, and is drug free. Should he need further support, he can seek that on his own. *See* Status Hearing (Jul. 14, 2026). Indeed, he enrolled in the year-long treatment program of his own volition.

Mr. Hernandez's sustained streak of lawful behavior is the best evidence that he is not a risk to public safety necessitating deterrence. And "[t]here is no indication of how additional

5

punishment furthers deterrence." *United States v. Nwenze*, No. 19-cr-285, 2024 WL 4608867, at

*4 (D.D.C. 2024). In fact, further incarceration endangers Mr. Hernandez and the public. *See*

*United States v. Bryant*, 778 F. Supp. 3d 14, 22 n.7 (D.D.C. 2025) (discussing how "[e]xposure to

the specific and general harms . . . detainees experience can result in long-lasting trauma"); Katie

Rose Quandt and Alexi Jones, *Research Roundup: Incarceration Can Cause Lasting Damage to

Mental Health*, Prison Pol'y Initiative (May 13, 2021), https://perma.cc/N6C2-8UWF (examining

how experiencing or witnessing violence during incarceration was significantly related to

"aggressive and antisocial behavioral tendencies as well as emotional distress"). And further

incarceration would derail whatever progress he has made over the prior years. *See United States

v. Mosley*, 312 F. Supp. 3d 1289, 1294 (M.D. Ala. 2018).

## III.    CONCLUSION

Given that Mr. Hernandez's period of supervision was set to expire on September 21, 2024,

he appears to pose no danger to the community, he completed a lengthy treatment program, he

took responsibility for the Grade C violations, and based on the Probation Office's consent: the

undersigned recommends a finding that Mr. Hernandez violated his conditions of release, sentence

him to a period of time served, and not impose any further period of supervision.[2]

Date: August 4, 2026

                                       _____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

---

[2] Per the Probation Office, no hearing is needed to adopt this Recommendation, as no additional supervision is ordered. Adoption of the Report and Recommendation would close this case.